UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEROY DAVIS,
    Petitioner,

    vs

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,[1]
    Respondent.

Case No. 1:13-cv-198

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in

Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254. (Doc. 5). This matter is before the Court on respondent's motion to dismiss the petition.

(Doc. 10).[2] Petitioner has filed a brief opposing respondent's motion, as well as a supplemental

pleading. (Docs. 12-13). Respondent has filed a brief in reply to petitioner's opposition

memorandum, and petitioner has filed an additional pleading responding to respondent's reply

brief. (Docs. 14-15).

## I. PROCEDURAL BACKGROUND

### Ohio Convictions And Parole History

Petitioner is in state custody pursuant to multiple judgment entries of conviction and

---

[1] In the petition, petitioner names the Ohio Department of Rehabilitation and Correction as the respondent.
(Doc. 5). However, the proper party respondent in this action brought pursuant to 28 U.S.C. § 2254 is the individual
who has custody of the petitioner. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District
Courts, 28 U.S.C. foll. § 2254. Because it appears that petitioner is incarcerated at Chillicothe Correctional
Institution (CCI) and thus in the custody of CCI's Warden, the caption has been changed to reflect that CCI's Warden
is the proper party respondent in this action.

[2] Petitioner has also filed motions for appointment of counsel (Docs. 6, 11), which have been denied by the
undersigned in a separate Order issued this date.

sentence issued primarily by the Hamilton County, Ohio, Court of Common Pleas over the course

of several years between 1972 and 2010.

In 1972, petitioner pleaded guilty to charges of larceny by trick, housebreaking, and grand

larceny in Hamilton County Common Pleas Court Case Nos. B720842, B721989, B721990 and

B721310. (*See* Doc. 10, Exs. 1-3). He was sentenced on December 15, 1972 in the four cases to

indeterminate terms of imprisonment, which amounted under Ohio law to an aggregate prison

term of two (2) to fourteen (14) years. (*See id.*). Specifically, petitioner was sentenced to a

prison term of one (1) to seven (7) years for the grand larceny offense charged in Case No.

B721310, to be served consecutively to concurrent prison terms of one (1) to seven (7) years for

the larceny by trick offense charged in Case No. B720842 and one (1) to five (5) years for the

housebreaking offenses charged in Case Nos. B721989 and B721990. (*See id.*).

In addition, in Hamilton County Common Pleas Court Case Nos. B723024, B723025,

B723027 and B723092, petitioner entered guilty pleas to charges of housebreaking, larceny and

carrying a concealed weapon. In January 1973, the Hamilton County Common Pleas Court

sentenced petitioner to indeterminate terms of imprisonment, which amounted under Ohio law to

a "new aggregate" prison term of two (2) to fourteen (14) years. (*See id.*, Ex. 1, 4-6).

Specifically, petitioner was sentenced to concurrent prison terms of one (1) to seven (7) years for

the larceny offense charged in Case No. B723024, one (1) to three (3) years for the weapons

offense charged in Case No. B723025, and one (1) to five (5) years for the housebreaking

offenses charged in Case Nos. B723027 and B723092. The sentences were to run consecutively

with the concurrent prison terms previously imposed in Case Nos. B720842, B721989, and

B721990. (*See id.*). Ohio Department of Rehabilitation and Correction (ODRC) records reflect

2

that at that time, the maximum expiration date of petitioner's aggregate sentence was September 23, 1986. (*Id.*, Ex. 1).

It appears from the record that on March 17, 1975, petitioner was paroled. While on parole, petitioner committed offenses that resulted in the filing of new criminal charges in the Hamilton County Common Pleas Court for aggravated burglary (Case No. B752458) and receipt of stolen property (Case No. B753075). (*See id.*). Petitioner entered a guilty plea in Case No. B752458 and a no contest plea in Case No. B753075. (*Id.*, Brief, p. 3 & Ex. 7). On October 2, 1975, petitioner was sentenced in Case No. B752458 to a prison term of four (4) to twenty-five (25) years. (*Id.*, Ex. 7). On March 16, 1976, he was sentenced in Case No. B753075 to a six-month to five (5) year prison term, which was to run concurrently with the sentence imposed in Case No. B752458. (*See id.*, Ex. 1). However, under former Ohio Rev. Code § 2929.41(B)(3), which was in effect at the time of petitioner's convictions and sentences in Case Nos. B752458 and B753075, the sentences for felonies committed while on parole were to "automatically run" consecutively to the sentences imposed in petitioner's prior criminal cases. (*See id.*). Therefore, the ODRC added the sentence in "Case B752458 . . . to his prior aggregate sentence for a new aggregate sentence of 6-39" and a "new max date [of] 5-9-11." (*Id.*).

Apparently, petitioner was paroled "several times" after his convictions in Case Nos. B752458 and B753075. (*Id.*). While on parole in 1985, he committed a new crime, which resulted in his indictment and conviction following a jury trial for aggravated burglary in Hamilton County Common Pleas Court Case No. B853204. (*Id.*). On April 22, 1986, petitioner was sentenced in that case to an eleven (11) to twenty-five (25) year term of imprisonment. (*Id.*, Ex. 8). ODRC records reflect that in accordance with former Ohio Rev. Code § 2929.41(B)(3),

3

"Case No. B853204 was then added to [petitioner's] prior aggregate sentence for a new aggregate sentence of 17-64" and a "new max date [of] 9-12-2035." (*Id.*, Ex. 1).

Petitioner was next released on parole on July 23, 1993. In 1994, petitioner was declared a parole violator at large and was assessed 15 days of lost time by the Ohio Adult Parole Authority (OAPA) with a "new max date [of] 9-27-2035" upon his restoration to parole on March 18, 1994. (*See id.*). Petitioner was also convicted and sentenced on July 26, 1994 in Hamilton County Common Pleas Court Case No. B941743 on new charges of theft and forgery. (*Id.* & Ex. 9). Petitioner was sentenced in that case to concurrent prison terms of two (2) years for the theft offense and one and one-half (1 ½) years for the forgery offense. (*Id.*, Ex. 9). ODRC records reflect that in accordance with former Ohio Rev. Code § 2929.41(B)(3), "Case No. B941743 was then added to [petitioner's] prior aggregate sentence for a new aggregate sentence of 2 years consecutive with 17-64" and a "new max date [of] 2-20-2037." (*Id.*, Ex. 1). However, while serving the 2-year added sentence, petitioner received four days of earned credit, which reduced the maximum expiration of his aggregate sentence to February 16, 2037. (*Id.*).

Thereafter, petitioner apparently was paroled "several times." (*Id.*). In 2004, petitioner committed new crimes while on parole, which resulted in his conviction upon entry of a guilty plea to charges of attempted robbery and theft in a case before the Cuyahoga County, Ohio, Court of Common Pleas (Case No. CR-04-449961-ZA). (*Id.* & Ex. 10). On October 19, 2004, petitioner was sentenced in that case to a one-year prison term for the attempted robbery offense. (*Id.*, Ex. 10). ODRC records reflect that petitioner's new conviction was "aggregated with" his prior criminal record because the "crimes were committed while on parole." (*Id.*, Ex. 1). However, the maximum expiration date of petitioner's aggregate sentence remained February 16,

4

2037, because under Ohio Senate Bill 2, which was enacted in 1996, former Ohio Rev. Code §

2929.41(B)(3) no longer applied. Instead, under the new statutory provision, the sentence

imposed for crimes committed while on parole was to run concurrently with petitioner's prior

sentences absent a provision in the 2004 sentencing entry requiring that the sentences be served

consecutively. (*See id.*).

Petitioner was next paroled on May 3, 2005. (*Id.*). While on parole, he committed a new

crime, which resulted in his conviction upon entry of a guilty plea to a charge of escape in

Hamilton County Common Pleas Court Case No. B0610863. (*See id.* & Ex. 11). On February 1,

2007, petitioner was sentenced in that case to a one-year prison term. (*Id.*, Ex. 11).[3] ODRC

records reflect that the new conviction was "aggregated with" petitioner's prior criminal record.

However, in accordance with Senate Bill 2, because the sentencing judge did not order the new

sentence to run consecutively with petitioner's prior sentences, the maximum expiration date of

petitioner's aggregate sentence remained February 16, 2037. (*See id.*, Ex. 1).

Thereafter, petitioner was again paroled "several times." (*Id.*). In 2009, he was declared a

parole violator at large and was assessed six days of lost time by the OAPA with a "new max date

[of] 2-22-37" upon restoration to parole on December 24, 2009. (*Id.*). While on parole at that

time, petitioner also committed new crimes, which resulted in his convictions upon entry of guilty

pleas to charges of theft and escape in Hamilton County Common Pleas Court Case Nos.

_____

[3] It appears from the record that with the assistance of counsel, petitioner pursued a timely appeal from his
conviction and sentence in Case No. B0610863 to the Ohio Court of Appeals, First Appellate District. (*See* Doc. 10,
Exs. 12-13). Petitioner asserted two assignments of error stemming from the trial court's alleged failure to notify him
of the possibility of lesser alternative punishments and his trial counsel's alleged ineffectiveness in failing to inform
him of "probation possibilities for his offense grade." (*Id.*, Ex. 13). On February 20, 2008, the Ohio Court of
Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 15). Petitioner
apparently did not pursue a further appeal to the Ohio Supreme Court, nor has he raised any claim in the instant
action challenging his conviction or sentence in Case No. B0610863.

B0905228 and B0908776. (*Id.* & Exs. 16-17). On May 5, 2010, petitioner was sentenced in the two cases to concurrent one-year prison terms. (*Id.*, Exs. 16-17).[4] ODRC records reflect that the new convictions were "aggregated with" petitioner's prior criminal record. However, in accordance with Senate Bill 2, because the sentencing judge did not order that the sentences run consecutively with petitioner's prior sentences, the February 22, 2037 maximum expiration of sentence date remained unchanged. (*See id.*, Ex. 1).

It appears from the record that petitioner has not been released on parole following his parole revocation stemming from his convictions in Case Nos. B0905228 and B0908776. (*See id.* & Ex. 25). On June 1, 2010, petitioner waived his right to a Kellogg Mitigation Hearing in the parole revocation matter. (*See id.*, Ex. 25). On January 25, 2011, petitioner appeared before the Ohio Parole Board, which found that petitioner was not "suitable for release and assesse[d] a continuance of three years after the expiration of the court imposed sentence." (*See id.*). ODRC records indicate that petitioner would next be eligible for parole consideration in January or March of 2014. (*See id.*, Exs. 1, 25).

### State Habeas Corpus Petition

On August 30, 2012, petitioner filed a petition for a writ of habeas corpus pursuant to Ohio Rev. Code § 2725.04 with the Ohio Court of Appeals, Fourth Appellate District. (Doc. 10, Ex. 26). Petitioner contended in the petition that the ODRC lacked the authority to "impose an aggregation on all sentences starting with cases from 1972 until 1986" and that he "was never fully advised in any of the previous court proceedings, that as a result of entering into an

---

[4] It appears from the record that after he was sentenced in Case Nos. B0905228 and B0908776, petitioner filed post-conviction motions with the trial court in the two cases, requesting judicial release to a drug-treatment program. The motions were denied. (*See* Doc. 10, Exs. 18-24).

agreement with the State, that another department of the same could later impose more harsher penalties of Imprisonment, thereby essentially changing the conditions of the plea-agreement, and court imposed sentence." (*See id.*, ¶¶10-13). In response, the State filed a motion to dismiss the petition because (1) petitioner failed to attach all relevant commitment papers to his habeas petition as required by Ohio Rev. Code § 2725.04(D); and (2) petitioner failed to demonstrate that he had served the maximum prison term and thus was entitled to immediate release from prison. (*See id.*, Ex. 27).

On November 19, 2012, the Ohio Court of Appeals issued a Decision and Judgment Entry granting the State's motion to dismiss. (*Id.*, Ex. 29). The court reasoned that the petition was "fatally flawed" because the relevant commitment papers for the criminal offenses occurring in 1972, 1975, 1994, 2004, 2006 and 2010 had not been included as attachments to the petition. (*Id.*, pp. 3, 8). The court stated: "We cannot have a complete understanding of the petition or his maximum sentence, nor can we make a determined judgment without copies of all the relevant commitment papers." (*Id.*, pp. 8-9).

Petitioner did not perfect a timely appeal to the Ohio Supreme Court. Petitioner has stated in a pleading submitted in response to respondent's motion to dismiss that he "tried to appeal to the Ohio Supreme Court, but the Clerk of the Ohio Supreme Court responded back and stated, 'You are a week (7 days) to[o] late to file,['] so refuse[d] to accept my brief to the Ohio Supreme Court." (Doc. 15, p. 3; *see also* Doc. 5, p. 13). Petitioner has also averred that he then "tried to file for a delayed appeal." (Doc. 5, p. 13). He was informed by letter dated March 5, 2013 from the Ohio Supreme Court's clerk's office that the documents were not filed and were being returned because "the provision for filing a delayed appeal that is set forth in Rule 7.01(A)(4)

applies only to felony appeals" and "does not apply to any other types of cases, including cases stemming from the denial of a petition for writ of habeas corpus." (*Id.*).

### Federal Habeas Corpus Petition

Petitioner next initiated the instant action in March 2013 by filing a motion for leave to proceed *in forma pauperis* in conjunction with his habeas petition. (*See* Doc. 1). Although petitioner was denied pauper status, he paid the $5.00 filing fee required to proceed in the matter. (*See* Docs. 2, 4, 7). Because the filing date of a federal habeas petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see Houston v. Lack,* 487 U.S. 266 (1988); *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006), the undersigned presumes that the action commenced on March 21, 2013, the date petitioner claims he placed his pleadings in the prison mailing system. (*See* Doc. 5, p. 15).

In his petition, petitioner alleges the following grounds for relief:

**Ground One:**  I came back to prison March, 2010 for a one (1) year sentence. After my one was completed, the Ohio Parole Board via the Ohio Dept. of Rehabilitation/Correction (ODRC) said I am doing 15-to-64 years.  ODRC modified my sentence/Judgment Entry from 1975 to aggregate/consecutive time making it 6-to-39 years.  ODRC also modified my sentence/Entry from 1986 to make it consecutive to my 1972, 1975 convictions.

I was able to obtain[] all my decade(s) old sentence Judgment Entry, and the <u>trial court did not</u> make my sentence in <u>1975</u> (B753075 & B752458 Hamilton County Common Pleas Court), and sentence in <u>1986</u> (B853204 Hamilton County Common Pleas Court) aggregate/consecutive to my sentences in 1972-1973.

I discovered that the ODRC division record office modified the judge sentence/Judg[]ment Entries over the years resulting in me doing 15-to-64 years.

\*\*\*\*

8

Furthermore, the ODRC made my 1975, and 1986 sentence consecutive to my 1972-73 sentence. O.R.C. 2929.41(B)(3) was not even enacted in 1972/1973, yet the ODRC, without it even being a[n] Ohio law aggregated that sentence too!

Petitioner[']s 25 years maximum sentence has expired and he is illegally imprisoned. The ODRC admits petitioner has completed forty-one (41) years of his sentence they modified to 64 yrs. And they calculated the 64 years is complete February, 2037.

**Ground Two:** Because the ODRC modified, changed the trial court judgment-sentence entry, and ORC 2929.41(B)(3) was not a law[,] my Ex-Post Facto right was violated for making the 1972-1973 to run consecutive to my other sentence after the law became effective in 1974.

**Ground Three:** ODRC is the Executive Branch and cannot act as the Judicial Branch. The Ohio General Assembly did not deal with this until July 1, 1996, when it enacted the Truth in Sentencing law, and prior to that the ODRC was not authorize[d] to impose[] aggregated/consecutive sentence when it lacks a valid court order to do so.

**Ground Four:** Pursuant to antiquated and facially invalid journal entries (1972-73), I have been subject to more punitive treatment. I have 1 felony in 1975-1st degree, and 1 felony in 1986-1st degree. All other . . . felonies 4's & 5, and one 3. The ODRC say I have 41 years completed of my 15-to-64 years and owe them 23 more years.

(Doc. 5, pp. 6-7, 8, 10, 11).

In the motion to dismiss filed in response to the petition, respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (Doc. 10, Brief, pp. 9-13). Alternatively, respondent contends that petitioner raises issues of state-law only, which are not cognizable grounds for federal habeas relief. (*Id.*, pp. 13-15). Petitioner has filed both a supplemental brief and response brief in opposition to respondent's motion to dismiss. (Docs. 12-13). Respondent has filed a brief in reply to petitioner's opposition memorandum, and petitioner has filed an additional brief responding to

9

respondent's reply brief.  (Docs. 14, 15).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 10) SHOULD BE GRANTED

### A.  The Petition Should Be Dismissed Because It Is Time-Barred

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

pursuant to the judgment of a state court must file an application for a writ of habeas corpus

within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the

pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner is not challenging any of his Ohio convictions and sentences.

Instead, as he has emphasized in his federal habeas petition (*see* Doc. 5, pp. 8), he is challenging

the ODRC's calculation of a February 2037 maximum expiration of sentence date based on the

determination that the sentences imposed for crimes committed while petitioner was on parole

when former Ohio Rev. Code § 2929.41(B)(3) was in effect must be served consecutively to

sentences imposed in his prior aggregated criminal cases.

10

Because petitioner is not challenging any of his criminal convictions or sentences, but rather the execution of his sentences by the ODRC, the one-year limitations provision set forth in 28 U.S.C. § 2244(d)(1)(A) is inapplicable. The provisions set forth in § 2244(d)(1)(B) and § 2244(d)(1)(C) are also inapplicable because petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review and has not alleged facts indicating that he was prevented from filing a timely habeas petition by any state-created impediment to filing. Therefore, it appears that petitioner's claims are governed by the one-year statute of limitations set forth in § 2244(d)(1)(D), which began to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Cf. Ali v. Tennessee Bd. or Pardon & Paroles*, 431 F.3d 896, 898 (6th Cir. 2005) (holding that § 2244(d)(1)(D) applied in the context of a challenge to a parole denial); *Alexander v. Birkett*, 228 F. App'x 534, 536 (6th Cir. 2007) (applying § 2244(d)(1)(D) to habeas petition challenging the application of a parole eligibility policy to the petitioner).

Petitioner bears the burden of proving that he "exercised due diligence in his search for the factual predicate of his claim[s]." *See Stokes v. Leonard,* 36 F. App'x 801, 804 (6th Cir. 2002) (citing *Lott v. Coyle,* 261 F.3d 594, 605-06 (6th Cir. 2001)); *see also Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 611 (6th Cir. 2013) (citing *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)). A petition that "'merely alleges that the applicant did not actually know the facts underlying his . . . claim[s]' is insufficient to show due diligence." *Stokes*, 36 F. App'x at 804 (quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997)).

11

Here, petitioner has not stated when he discovered the factual predicate of his claims, nor has he offered any explanation as to why in the exercise of due diligence he could not have discovered the factual basis for his claims years ago, when former Ohio Rev. Code § 2929.41(B)(3) was in effect and first applied by the ODRC in 1975 or 1976  to recalculate petitioner's maximum expiration of sentence date based on the aggregation of petitioner's 1972 and 1973 convictions and sentences with sentences imposed in Hamilton County Common Pleas Court Case Nos. B752458 and B753075 for new crimes committed by petitioner while on parole. (*See* Doc. 10, Exs. 1, 7).  In addition, petitioner has not offered any explanation as to why he apparently waited to begin making inquiries about the aggregation of his sentences and recalculation of his maximum expiration of sentence date until after his most recent convictions in May 2010, nearly sixteen years after the ODRC last applied former Ohio Rev. Code § 2929.41(B)(3) to calculate the current maximum sentence expiration date of February 2037 based on the sentences imposed in July 1994 in Hamilton County Common Pleas Court Case No. B941743.  (*See id.*, Exs. 1, 9).

It is clear from the record that petitioner was both paroled and had his parole revoked on numerous occasions after the ODRC first applied former Ohio Rev. Code § 2929.41(B)(3)  to increase his aggregate sentence, with a resulting recalculation of the maximum sentence expiration date, based on his convictions and sentences for aggravated burglary and receipt of stolen property in Hamilton County Common Pleas Court Case Nos. B752458 and B753075. Given the many parole release and revocation hearings that were held in the ensuing years leading up to petitioner's most recent parole revocation in June 2010, it simply begs credulity that petitioner was not aware of the ODRC's contested actions years before his most recent

convictions for theft and escape in Hamilton County Common Pleas Court Case Nos. B0905228

and B0908776. Indeed, after the ODRC set the maximum expiration of sentence date of February

2037 following petitioner's conviction and sentence in July 1994, petitioner was released on

parole "several times." (*See id.*, Ex. 1). Thereafter, he also had his parole revoked in 2004 upon

his conviction for attempted robbery and theft in Cuyahoga County Common Pleas Court Case

No. CR-04-449961-ZA, as well as in 2006 or 2007 upon his conviction for escape in Hamilton

County Common Pleas Court Case No. B0610863. (*See id.*, Exs. 1, 10, 11). Petitioner, therefore,

must have known, or at least should have known in the exercise of due diligence, of the February

2037 maximum sentence expiration date at some point in that interim period, which transpired

years before his most recent convictions and parole revocation stemming from the criminal

charges in Case Nos. B0905228 and B0908776.

Nevertheless, the first indication in the record of any attempt by petitioner to obtain

information for the purpose of challenging the ODRC's calculations is found in a letter dated June

3, 2010 from an attorney at the Ohio Public Defender's Office to petitioner, after petitioner was

convicted and sentenced on May 5, 2010 to concurrent one-year prison terms in Hamilton County

Common Pleas Court Case Nos. B0905228 and B0908776. (*See* Doc. 5, attachment p. 19; *see

also* Doc. 10, Exs. 16-17[5] & Ex. 28, attached Exhibit B). The letter responding to petitioner's

request for "assistance" provides in pertinent part:

> DRC records indicate you have 5 prior prison numbers. Your current sentence is 1
> year + 7 – 64 years. DRC records show a current maximum outdate is 2037.

> The Hamilton County clerk's online docket does not provide sentencing entries as

---

[5] Petitioner also attached the letter as an exhibit to a pleading submitted in the state habeas proceeding. (*See*
Doc. 10, Ex. 28, attached Exhibit B).

13

far back as 1986, let alone 1972. Thus, I cannot forward the entries you requested." (Doc. 5, attachment p. 19). Even at that point, petitioner did not take any action to contest the ODRC's calculations until over two years later when he filed his state habeas corpus petition with the Ohio Court of Appeals, Fourth Appellate District, on August 30, 2012. (*See* Doc. 10, Ex. 26). By that time, the one-year statute of limitations set forth in § 2244(d)(1)(D) had long since run its course.

Accordingly, in the absence of a showing by petitioner that he was not aware of and could not have discovered the factual predicate of his claims for relief years before he sought to challenge the ODRC's aggregation of his sentences in 1975/1976, 1986 and 1994 pursuant to former Ohio Rev. Code § 2929.41(B)(3), the instant habeas petition filed in March 2013 is time-barred under § 2244(d)(1)(D) unless petitioner is entitled to statutory or equitable tolling of the limitations period.

During the one-year limitations period commencing well over a year before the filing of the instant action, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

14

In this case, petitioner took no action in the state courts to challenge the ODRC's aggregation of his sentences under former Ohio Rev. Code § 2929.41(B)(3) until August 30, 2012, when he filed a habeas corpus petition with the Ohio Court of Appeals. As discussed above, by that time, the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(D), which began running years earlier, had long since expired. Therefore, petitioner is unable to prevail on any argument that § 2244(d)(2) applies to avoid the statute-of-limitations bar to review.

The AEDPA's statute of limitations is also subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

15

As discussed above, petitioner has not shown reasonable diligence in pursuing his claims. In addition, no showing has been made that petitioner was prevented by an "extraordinary circumstance" from filing a timely habeas petition with this Court. To the extent petitioner has suggested that he was prevented from filing a timely petition because he lacks the legal knowledge required to adequately prepare and present his case without the assistance of counsel, it is well-settled that neither lack of knowledge of the law nor the inability to obtain legal assistance constitutes an extraordinary circumstance sufficient to excuse the statute-of-limitations bar to review. *Cf. Hall*, 662 F.3d at 751-52; *see also Johnson v. United States,* 544 U.S. 295, 311 (2005) (in a case where the defendant defended his delay in challenging a state conviction on the basis of his *pro se* status and lack of "sophistication" in understanding legal procedures, the Court stated: "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

Furthermore, petitioner is unable to prevail on any argument that he was prevented from filing a timely habeas petition because he was unable to obtain the judgment entries, which under Ohio law were required to be filed as attachments to his state habeas petition, from the Ohio Public Defender's Office. No showing has been made that petitioner was unable to obtain the entries directly from the Hamilton and Cuyahoga County Clerk's Offices after being informed by the Ohio Public Defender's Office in June 2010 that it could not help him. In addition, such an argument does not address why petitioner delayed for years, waiting until after his most recent convictions in May 2010 to contact the Ohio Public Defender's Office for assistance in obtaining the requisite entries and then, after receiving the Public Defender's June 2010 response, waiting over two more years to file his state habeas petition and nearly three years to file his federal

16

habeas petition. In any event, the argument addresses only a circumstance potentially affecting

petitioner's application for *state* habeas relief and does not explain why petitioner was prevented

from filing a timely petition for *federal* habeas relief with this Court.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus

petition is barred from review by the applicable one-year statute of limitations set forth in 28

U.S.C. § 2244(d)(1)(D), which ran its course years before petitioner began to seek information for

the purpose of challenging in the state and federal courts the ODRC's aggregation of his

sentences under former Ohio Rev. Code § 2929.41(B)(3) in 1975/1976, 1986 and 1994. Neither

statutory nor equitable tolling principles apply to avoid the statute of limitations bar to review in

this case. Therefore, respondent's motion to dismiss (Doc. 10) should be **GRANTED** on the

ground that the instant habeas corpus petition is time-barred.

**B.  Alternatively, The Petition Is Subject To Dismissal Because Petitioner Has Waived His Claims For Relief Due To His Procedural Defaults In The State Courts**

Alternatively, the petition should be dismissed with prejudice because it is clear from the

record presented that petitioner has procedurally defaulted and waived his claims for relief.

Although respondent has not asserted a waiver defense in the motion to dismiss, in the absence of

a deliberate and knowing forfeiture of the defense by respondent, this Court may in its discretion

raise the issue *sua sponte* as long as the petitioner is afforded an opportunity to present arguments

on the issue. *See, e.g., Raglin v. Mitchell,* No. 1:00cv767, 2013 WL 5468227, at *10-11 (S.D.

Ohio Sept. 29, 2013) (Barrett, J.) (and cases cited therein); *Heft v. Warden, Madison Corr. Inst.,*

No. 2:11cv103, 2012 WL 1902467, at *19 n.10 (S.D. Ohio May 25, 2012) (King, M.J.) (Report &

Recommendation) (citing *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005)), *adopted*,

2012 WL 3064131 (S.D. Ohio July 27, 2012) (Frost, J.); *Thompson v. Anderson,* No. 1:08cv2913,

2010 WL 4025936, at *7 (N.D. Ohio Mar. 19, 2010) (Perelman, M.J.) (Report &

Recommendation), *adopted,* 2010 WL 4026121, at *8 (N.D. Ohio Oct. 13, 2010) (Lioi, J.);

*Schuler v. Hudson*, No. 1:08cv456, 2009 WL 3563164, at *1, *10 (S.D. Ohio Oct. 30, 2009)

(Barrett, J.; Hogan, M.J.) (citing *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002); *Elzy v.

United States*, 205 F.3d 882, 886 (6th Cir. 2000)); *see also Wood v. Milyard,* __ U.S. __, 132 S.Ct.

1826, 1830 (2012); *Day v. McDonough,* 547 U.S. 198, 209-10 (2006). In this case, because

petitioner has the opportunity to be heard on the matter by way of objections to the instant Report

and Recommendation, "the district court does not abuse its discretion in *sua sponte* raising the

issue of procedural default." *See Schuler, supra*, 2009 WL 3563164, at *10 (and cases cited

therein); *see also Heft, supra,* 2012 WL 1902467, at *19 n.10; *Thompson, supra*, 2010 WL

4025936, at *7 n.4.

 In recognition of the equal obligation of the state courts to protect the constitutional rights

of criminal defendants, and in order to prevent needless friction between the state and federal

courts, a state defendant with federal constitutional claims must fairly present those claims to the

state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C.

§ 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v.

Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the

state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v.

Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990);

*Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present

his constitutional claims through the requisite levels of state appellate review to the state's highest

court, or commits some other procedural default that prevents a merit-based review of the federal

claims by the state's highest court, he may have waived the claims for purposes of federal habeas

review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee*

*v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th

Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be

barred from considering an issue of federal law from a judgment of a state court if the judgment

rests on a state-law ground that is both "independent" of the merits of the federal claim and an

"adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme

Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court
> pursuant to an independent and adequate state procedural rule, federal habeas
> review of the claims is barred unless the prisoner can demonstrate cause for the
> default, and actual prejudice as a result of the alleged violation of federal law, or
> demonstrate that failure to consider the claims will result in a fundamental
> miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner

files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state

appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or

if he fails to comply with a state procedural rule that required him to have done something to

preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982);

*Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

In the usual case, the adequate and independent state ground doctrine will not apply to bar

consideration of a federal claim on habeas corpus review unless the last state court rendering a

19

judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). In those cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991). Moreover, in *Harris,* the Supreme Court explained that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The Court stated: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every

20

relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410

n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v.*

*Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under

the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable
> to the petitioner's claim and that the petitioner failed to comply with the rule. . . .
> Second, the court must decide whether the state courts actually enforced the state
> procedural sanction. . . . Third, the court must decide whether the state procedural
> forfeiture is an "adequate and independent" state ground on which the state can
> rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407,

417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666,

669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for

finding a claim is procedurally defaulted under the adequate and independent state ground

doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner

can demonstrate cause for and prejudice from his procedural default or that failure to consider the

defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495

(citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669. *See also Coleman*, 501 U.S. at

750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456

U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed two procedural defaults in the state habeas proceedings,

wherein he raised claims challenging the execution of his sentences by the ODRC.

First, petitioner failed to comply with Ohio Rev. Code § 2725.04(D), which required that

copies of all of the relevant commitment papers be attached to his state habeas petition. The Ohio

Court of Appeals, which was the only state court to issue a reasoned decision addressing the

petition, clearly and expressly relied on the state procedural sanction when it dismissed the

petition as "fatally flawed" because the relevant commitment papers for the criminal offenses

occurring in 1972, 1975, 1994, 2004, 2006 and 2010 had not been included as attachments to the

petition. (*See* Doc. 10, Ex. 29, pp. 3, 8-9). At the time of the appellate court's decision in

November 2012, the dismissal of habeas petitions as "fatally defective" because of non-

compliance with Ohio Rev. Code § 2725.04(D) was a "firmly established and regularly followed"

practice. *See, e.g., Powers v. Timmerman-Cooper*, No. CA2013-01-002, 2013 WL 3368796, at

*3 (Ohio Ct. App. July 1, 2013) (citing Ohio Supreme Court decisions from 1992, 1994 and 2006

in pointing out that the Ohio Supreme Court has "repeatedly held that failure to attach copies of

all pertinent commitment papers to a petition for habeas corpus results in the petition being fatally

defective"), *appeal dismissed*, 996 N.E.2d 986 (Ohio 2013); *see also State ex rel. Walker v.*

*Carter*, No. 00CA2740, 2001 WL 438704, at *3 (Ohio Ct. App. Apr. 20, 2001) (citing *Bloss v.*

*Rogers*, 602 N.E.2d 602 (Ohio 1992) (per curiam)). Therefore, the state appellate court's decision

in this case was based on an "adequate and independent" state ground. *Cf. Ford*, 498 U.S. at 423-

24; *Richey*, 395 F.3d at 679; *Warner*, 975 F.2d at 1213; *Rideau*, 342 F. App'x at 1002.

Second, petitioner committed a procedural default by failing to perfect an appeal from the

Ohio Court of Appeals' decision to the Ohio Supreme Court. Petitioner has conceded that his

attempts to pursue an appeal to the Ohio Supreme Court were unsuccessful because (1) his initial

pleadings were submitted seven days after the deadline for filing a timely appeal had expired; and

(2) the Ohio Supreme Court rules do not permit delayed appeals in cases "stemming from the

22

denial of a petition for writ of habeas corpus." (*See* Doc. 5, p. 13; Doc. 15, p. 3). It is well-established under the Ohio Supreme Court's Rules of Practice that in order to perfect a timely jurisdictional appeal from an appellate court decision, the appellant must file a notice of appeal and memorandum in support of jurisdiction with the state supreme court "within forty-five days from the entry of the judgment being appealed." Ohio S.Ct.Prac.R. 7.01(A)(1)(a). Under Ohio S.Ct.Prac.R. 7.01(A)(1)(b), the 45-day "time period designated . . . for filing a notice of appeal and memorandum in support of jurisdiction is mandatory, and the appellant's failure to file within this time period shall divest the Supreme Court of jurisdiction to hear the appeal." Although Ohio S.Ct.Prac.R. 7.01(A)(4) permits the filing of motions for delayed appeals in some circumstances, it is well-settled that the provision does not apply to appeals involving post-conviction relief, including state habeas petitions. *See* Ohio S.Ct.Prac.R. 7.01(A)(4)(c); *see also State v. Perotti*, 749 N.E.2d 753 (Table) (Ohio 2001) (striking motion for delayed appeal from court of appeals' decision affirming the denial of a habeas corpus motion and dismissing the appeal); *Turner v. McAninch*, 655 N.E.2d 1310 (Table) (Ohio 1995) (same). Therefore, by failing to perfect a timely appeal to the Ohio Supreme Court in accordance with the firmly established 45-day filing requirement set forth in the Ohio Supreme Court's Rules of Practice, petitioner committed a default that deprived the state's highest court of the opportunity to consider any of his claims for habeas relief.

Because it thus appears clear from the record that petitioner procedurally defaulted his claims for relief in the state habeas proceedings, the grounds for relief asserted in the instant federal habeas petition must be deemed waived absent a showing of cause for and prejudice from his procedural defaults or that failure to consider the defaulted claims will result in a

"fundamental miscarriage of justice." *Hoffner,* 622 F.3d at 495 (citing *Maupin,* 785 F.2d at 138); *Johnson,* 493 F. App'x at 669. *See also Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262.

Petitioner has not demonstrated that failure to consider his claims will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). Petitioner's claims challenging the execution of his sentences do not trigger concerns that he is innocent of any of the various criminal offenses he was convicted of committing in Ohio.

In addition, petitioner has not established cause for his procedural defaults in this case. Petitioner has suggested that his procedural defaults should be excused because he is a *pro se* litigant who required the assistance of counsel to timely pursue remedies available for challenging the ODRC's aggregation of his sentences. However, petitioner's general assertions regarding his *pro se* status and lack of legal knowledge or adequate assistance are simply insufficient to constitute cause for his procedural defaults in this case. *Cf. Rogers v. Warden, Warren Corr. Inst.,* No. 1:10cv397, 2011 WL 1771691, at *6 (S.D. Ohio Feb. 8, 2011) (Litkovitz, M.J.), *adopted,* 2011 WL 1753711 (S.D. Ohio May 9, 2011) (Dlott, J.); *see also Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (per curiam) (holding that the petitioner's *pro se* status and ignorance of the law and procedural requirements for filing a timely appeal were insufficient to establish cause for his failure to perfect a timely appeal to the Ohio Supreme Court).

Accordingly, in sum, the undersigned concludes that petitioner procedurally defaulted all of his claims for federal habeas relief. Because petitioner has not demonstrated cause for his procedural defaults in the state courts or that a fundamental miscarriage of justice will occur if his

claims are not considered by this Court, respondent's motion to dismiss (Doc. 10) should be **GRANTED** on the alternative ground that petitioner has waived his claims for federal habeas relief.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 10) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on procedural grounds, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/10/14

Karen L. Litkovitz
United States Magistrate Judge

---

[6] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his procedurally barred grounds for relief. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEROY DAVIS,                                      Case No. 1:13-cv-198
      Petitioner,

                                            Barrett, J.
      vs                                          Litkovitz, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

26

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

Leroy Davis #628-163
Chillicothe Corr. Inst.
PO Box 5500
Chillicothe, Ohio 45601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
  ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

**2. Article Number**
(Transfer from service label)

7011 3500 0001 5345 9862

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540