UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEROY DAVIS,         CASE NO.: 1:13-CV-198

    Petitioner,        Barrett, J.
       Litkovitz, M.J.
v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Repor"), which recommends dismissing Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred, or alternatively, as procedurally defaulted. (Doc. 16).[1] The parties were given proper notice pursuant to Fed. R. Civ. P. 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[2] Petitioner has filed timely objections to the Report. (Doc. 19).

**I.    BACKGROUND**

The procedural background and the pertinent facts have been thoroughly and adequately summarized in the Report (*see* Doc. 16), and thus, will not be repeated here. However, the Court will identify the facts relevant to its decision when addressing Petitioner's Objections below.

**II.    STANDARD OF REVIEW**

---

[1]All document citations are to the Court's docket entry numbers.
[2]Notice was attached to the Report. (Doc. 16, p. 26).

1

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 251 (1976)).

### III.    ANALYSIS

#### A.    First Objection

Petitioner's first objection is directed towards the Magistrate Judge's conclusion that Petitioner's claim is time-barred. In reaching that conclusion, the Magistrate Judge considered and accurately explained the relevant standard under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 St. 1214. (Doc. 16, pp. 10-11). That explanation is incorporated here by reference. Of particular relevance to the present action is the provision that a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Under 28 U.S.C.

§ 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner points specifically to the Magistrate Judge's statement at page 15 of the Report that "petitioner took no action in the state courts to challenge the ODRC's aggregation of his sentence under former Ohio Rev. Code § 2929.41(B)(3) until August 30, 2012, when he filed a habeas corpus petition with the Ohio Court of Appeals." (Doc. 19, p. 1). He argues that he did not become aware of the aggregation of his 1972, 1973, 1975 and 1986 sentences until September 29, 2011 when he received an updated version of his sentence information and was informed to go to court by the ODRC's Quality Assurance Bureau of Sentence Computation. (Doc. 19, p. 1). He claims he then went to the Ohio Court of Appeals on August 30, 2012 within a year of receiving the updated version of his sentence. (Doc. 19, p. 1).

Petitioner's objection ignores several pivotal findings of the Magistrate Judge. First, Petitioner's objection does not explain when he initially discovered the factual predicate of his claims or suggest that he would not have been able to discover the factual predicate any earlier. (*See* Doc. 16, p. 12). The date on which he received the *updated* version of his sentence information or was informed to seek relief in the court does not constitute the date he discovered the factual predicate. As explained by the Magistrate Judge, Petitioner was both paroled and had his parole revoked on multiple occasions since the ODRC last applied former Ohio Rev. Code § 2929.41(B)(3) approximately sixteen years ago to calculate his current maximum sentence expiration date. (Doc. 16, p. 12). Yet, the first indication of any attempt by Petitioner to obtain information to challenge the ODRC calculations was in June 2010. (Doc. 16, p. 13); (Doc. 5, attachment p. 19). Petitioner's objections do nothing to explain why he waited to begin making inquiries about his sentences and recalculation of his maximum expiration of sentence date until

3

after his most recent conviction in May 2010. Although the September 29, 2011 may show that Petitioner continued to request information from the ODRC more than a year after that June 3, 2010 letter, that does not change the fact that Petitioner still did not take any legal action to contest the ODRC calculations until two years after the June 3, 2010 letter when he filed his habeas petition with the Ohio Court of Appeals on August 30, 2012, at which time the one-year statute of limitations already would have been long expired. (Doc. 16, p. 13).

Second, to the extent Petitioner argues that he was unaware that he should seek legal relief until informed by the ODRC in 2011, the Magistrate Judge correctly pointed out (Doc. 16, p. 16) that it is well-settled that neither lack of knowledge of the law nor the ability or lack of knowledge to obtain legal assistance justifies prolonged inattention when the statutory requirements call for promptness. *See Johnson v. United States*, 544 U.S. 295, 311 (2005).

Third, to the extent Petitioner argues he is entitled to statutory tolling, the Magistrate Judge correctly stated (Doc. 16, p. 14) that the tolling provision does not "'revive' the limitations period" but "only serve[s] to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). For the reasons explained above and in the Report, the one-year statute of limitations expired long before Petitioner filed his August 30, 2012 petition in the Ohio Court of Appeals. Thus, any state collateral review proceedings could not serve to avoid the statute of limitations bar. *Id.*

Fourth, to the extent Petitioner contends he is entitled to equitable tolling, he must show both "reasonable diligence and an extraordinary circumstance[.]" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Patterson v. Lafler*, 455 F. App'x 606, 609 n.1 (6th Cir. 2012). As discussed previously and in the Report, Petitioner has not

4

demonstrated reasonable diligence in pursuing his claims. Further, his objections do not show he was prevented by any "extraordinary circumstances" from filing a timely habeas petition in this Court. To the extent Petitioner intends to argue that he was prevented from filing a timely petition because he was not informed to seek relief from the court until September 2011 or otherwise lacked knowledge of the law, the Magistrate Judge again was correct (Doc. 16, p. 16) that those reasons do not constitute extraordinary circumstances sufficient to excuse the statute-of-limitations bar to review. *Hall*, 662 F.3d at 751-52; *see also Johnson*, 544 U.S. at 311.

Accordingly, for the reasons set forth herein and in the Report, Petitioner's federal habeas corpus petition is barred from review by the applicable one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(D).

B.  **Second Objection**

Although the statute-of-limitations bar is an independently sufficient ground on which to dismiss the instant petition for writ of habeas corpus, Petitioner's objection as to procedural default also is subject to de novo review. Petitioner does not dispute that he committed two procedural defaults in the state habeas proceedings in which he raised claims challenging the execution of his sentences by the ODRC. (Doc. 19, p. 2). Instead, he contends that the procedural default should not preclude federal habeas corpus review of his claims because he can demonstrate cause and prejudice or because that failure to consider the claim will result in a "fundamental miscarriage of justice." (Doc. 19, p. 2).

First, Petitioner argues that he is a "novice" in filing a habeas corpus petition, that he is proceeding *pro se* after being denied the assistance of counsel, and that he is in state prison where he does not have available to him all of the necessary legal information. (Doc. 19, p. 2). This argument is not well taken, as it again is noted that his general assertions regarding his *pro*

*se* status, lack of legal knowledge, or lack of adequate assistance are insufficient to constitute good cause for his procedural defaults. (Doc. 16, p. 24); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (per curiam).

Second, Petitioner has not demonstrated that failure to consider his claims will result in a "fundamental miscarriage of justice." As the Sixth Circuit recently has stated, "[t]his exception has been applied only when a habeas petitioner has demonstrated that he is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 532 (6th Cir. 2013) (citing *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006)). At no time has Petitioner raised any challenges concerning whether he is innocent of any of the various criminal offenses for which he was sentenced in Ohio. Petitioner's arguments that it would be unfair to enforce his maximum sentence expiration date because he was improperly sentenced do not show or trigger concerns of actual innocence.

Accordingly, for the reasons set forth herein and in the Report, the Court concludes that Petitioner procedurally defaulted all of his claims for federal habeas relief and has not demonstrated cause for his procedural defaults or that a fundamental miscarriage of justice will result by failing to consider the claims asserted in the instant federal habeas corpus petition.

**V.     CONCLUSION**

Consistent with the foregoing, Petitioner's Objections (Doc. 19) are **OVERRULED** and the Report (Doc. 16) is **ADOPTED** in its entirety. Accordingly, it is **ORDERED** that:

1.     Respondent's motion to dismiss (Doc. 10) is **GRANTED**, and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) is **DISMISSED WITH PREJUDICE**.

2.     A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on

procedural grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Opinion and Order adopting the Report would not be taken in "good faith" and therefore **DENIES** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**.

s/Michael R. Barrett<br>
Michael R. Barrett, Judge<br>
United States District Court

---

[3] As the first prong of the *Slack* test has not been satisfied, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether Petitioner has stated a viable constitutional claim in his procedurally barred grounds for relief. *See Slack*, 529 U.S. at 484.